FILED

NOV X 8 2007
ȵο V Χ8 200 ꓶ
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Holly Yeary,                                )
                                            )
        Plaintiff,                          )
                                            )   07cv6325
        v.                                  )   JUDGE BUCKLO
                                            )   MAG. JUDGE ASHMAN
InnerWorkings, Inc.,                        )
                                            )
        Defendant.                          )   **Jury Trial Demanded**

### COMPLAINT

COMES NOW the Plaintiff, Holly Yeary [hereafter "Yeary"], and for her cause of action against the Defendant, InnerWorkings, Inc. [hereafter "InnerWorkings"], states as follows:

### JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with Title 42 U.S.C. 12117(a) and 29 U.S.C. 2611, *et. seq.* This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of certain acts of Congress guaranteeing to employees protection against discriminatory treatment in employment because of an individual suffers from a disability.

### VENUE

2.      The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since

InnerWorkings engages in business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

### FACTUAL ALLEGATIONS

3.      InnerWorkings is a publically traded corporation, organized under the laws of the State of Delaware, and is headquartered in Chicago, Illinois. Innerworkings provides print procurement services to corporate clients throughout the United States.

4.      Yeary was formerly employed by InnerWorkings as a Print Production Manager. Her employment with InnerWorkings was terminated on April 4, 2007.

5.      Yeary, at all times, performed her job duties in a satisfactory manner and in accordance with the legitimate expectations of InnerWorkings and and was, in all respects, qualified to perform the duties of her position.

6.      Yeary is an adult who resides in the State of Ohio.

7.      At all times pertinent to this preceding InnerWorkings did, in connection with its business enterprise, employ individuals throughout the State of Illinois. In this respect InnerWorkings did, at all times relevant to this proceeding, engage in an industry effecting commerce and employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. In that respect it constitutes an employer as that term is defined in 42 U.S.C. Section 12111.

8.      Within the time prescribed by law Yeary did cause to have filed with the

Equal Employment Opportunity Commission [hereafter "EEOC"] a charge of civil rights violation against InnerWorkings. Yery has initiated this preceding within ninety days of receiving a right to sue notice from the EEOC.

9.    Yeary suffers from a mental health disorder and InnerWorkings perceives her to be disabled. As such, Yeary is disabled as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(2).

10.    On April 4, 2007 Yeary was terminated by InnerWorkings.

11.    Yeary was terminated because of her disability and/or because InnerWorkings perceived that she was disabled.

12.    As a direct and proximate result of the discriminatory treatment described above Yeary has suffered mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life and lost wages.

WHEREFORE, Yeary, respectfully requests that this Court enter judgment in her favor and against InnerWorkings, and provide the following relief:

(a)    Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 12111(9) and issue a mandatory injunction against InnerWorkings, to take affirmative steps to ensure that InnerWorkings and all individuals working for InnerWorkings refrain from engaging in any actions with respect to Yeary, which are prohibited under the terms of the aforesaid Act;

(b)    Award Yeary damages sufficient to compensate her for economic losses

she has sustained as a result of the conduct of InnerWorkings as well as compensatory

damages for any personal injuries sustained because of the conduct of InnerWorkings to

the extent compensable under the law;

(c)    Award Yeary compensatory, punitive and exemplary damages to the

extent permitted by law;

(d)    Assess against InnerWorkings the costs and expenses incurred by Yeary in

maintaining the above captioned proceeding together with the reasonable attorney fees

incurred by her in prosecuting the above captioned cause; and

(e)    Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, HOLLY YEARY, RESPECTFULLY REQUESTS**

**THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE**

**PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.**

Holly Yeary

By:_____

Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:    (217) 522-3445
Facsimile:    (217) 522-8234
E-mail:    johnbakerlaw@sbcglobal.net