**United States District Court**
**For the Northern District of Illinois**
**Eastern Division**

| | |
|---|---|
| **Holly Yeary,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 07 CV 6325 |
| v. ) | Judge Bucklo |
| ) | Magistrate Judge Ashman |
| **InnerWorkings, Inc.,** ) | |
| ) | |
| Defendant. ) | |

**Defendant's Answer and Affirmative Defenses to**
**Plaintiff's Complaint**

The Defendant, InnerWorkings, Inc. ("InnerWorkings"), by and through its attorneys, Lefkofsky & Gorosh, PC, submits the following as its Answer to the Plaintiff, Holly Yeary's ("Yeary") Complaint:

**Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with Title 42 U.S.C. 12117(a) and 29 U.S.C. 2611, et. seq. This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of certain acts of Congress guaranteeing to employees protection against discriminatory treatment in employment because of an individual suffers from a disability.

**Answer:** InnerWorkings admits that this Court has jurisdiction over claims brought under Title 28, United States Code, Sections 1331 and 1337, together with Title 42 U.S.C. 12117(a) and 29 U.S.C. 2611, et. seq. InnerWorkings is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, therefore, denies them.

**Venue**

2. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since Inner Workings engages in

business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

**Answer:** InnerWorkings admits that it engages in business activities within the judicial district of this Court, but denies that it engaged in any activities giving rise to the claims of Yeary.

### Factual Allegations

3. InnerWorkings is a publically traded corporation, organized under the laws of the State of Delaware, and is headquartered in Chicago, Illinois. Innerworkings provides print procurement services to corporate clients throughout the United States.

**Answer:** InnerWorkings admits the allegations contained in Paragraph 3.

4. Yeary was formerly employed by InnerWorkings as a Print Production Manager. Her employment with Inner Workings was terminated on April 4, 2007.

**Answer:** InnerWorkings admits the allegations contained in Paragraph 4.

5. Yeary, at all times, performed her job duties in a satisfactory manner and in accordance with the legitimate expectations of InnerWorkings and and (sic) was, in all respects, qualified to perform the duties of her position.

**Answer:** InnerWorkings denies the allegations contained in paragraph 5.

6. Yeary is an adult who resides in the State of Ohio.

**Answer:** InnerWorkings is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies them.

7. At all times pertinent to this preceding InnerWorkings did, in connection with its business enterprise, employ individuals throughout the State of Illinois. In this respect InnerWorkings did, at all times relevant to this proceeding, engage in an industry effecting commerce and employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. In that respect it constitutes an employer as that term is defined in 42 U.S.C. Section 12111.

**Answer:** InnerWorkings admits that it employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding

calendar year throughout the State of Illinois. No response is required to the remaining allegations contained in Paragraph 7 as they state conclusions of law.

8. Within the time prescribed by law Yeary did cause to have filed with the Equal Employment Opportunity Commission [hereafter "EEOC"] a charge of civil rights violation against InnerWorkings. Yeary (sic) has initiated this preceding within ninety days of receiving a right to sue notice from the EEOC.

**Answer:** InnerWorkings is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies them.

9. Yeary suffers from a mental health disorder and InnerWorkings perceives her to be disabled. As such, Yeary is disabled as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(2).

**Answer:** InnerWorkings is without sufficient information or knowledge to form a belief as to the truth of the allegation that Yeary suffers from a mental health disorder and, therefore, denies this allegation. InnerWorkings denies the remaining allegations contained in paragraph 9.

10. On April 4, 2007 Yeary was terminated by Inner Workings.

**Answer:** InnerWorkings admits the allegations contained in Paragraph 10.

11. Yeary was terminated because of her disability and/or because Inner Workings perceived that she was disabled.

**Answer:** InnerWorkings denies the allegations contained in paragraph 11.

12. As a direct and proximate result of the discriminatory treatment described above Yeary has suffered mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life and lost wages.

**Answer:** InnerWorkings denies the allegations contained in paragraph 12, and specifically denies that Yeary suffered any discriminatory treatment while employed by InnerWorkings.

WHEREFORE, InnerWorkings denies that Plaintiff is entitled to any of the relief requested in the Complaint and prays that the Court enter judgment in favor of InnerWorkings and award InnerWorkings all costs, attorneys' fees and any other relief the Court deems appropriate.

Dated: January 22, 2008

Lefkofsky & Gorosh, PC
Attorneys for Defendant

Steven R. Lefkofsky (P44101)
31500 Northwestern Highway, Suite 105
Farmington Hills, MI 48334
248-855-5508

### Affirmative Defenses

The Defendant, InnerWorkings, Inc. ("InnerWorkings"), by and through its attorneys, Lefkofsky & Gorosh, PC, submits the following as its Affirmative Defenses to the Plaintiff, Holly Yeary's ("Yeary") Complaint:

1. Plaintiff's claims are barred as a result of the Plaintiff's failure to perform her duties and job function at InnerWorkings in a satisfactory manner and in accordance with the legitimate expectations of InnerWorkings.

2. Plaintiff's claims are barred for failure to mitigate damages.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred by the existence of a contract precluding the Plaintiff from bringing these claims (the contract is attached as **Exhibit A**).

5. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

6. Plaintiff's claims are barred for the reason that Plaintiff was terminated within a 90 day probationary period, and due to her failure to perform her duties and job function at

4

InnerWorkings in a satisfactory manner and in accordance with the legitimate expectations of InnerWorkings.

7. InnerWorkings reserves right to amend and/or supplement these affirmative and/or special defenses, as additional defenses may become known through discovery.

Dated: January 22, 2008

Lefkofsky & Gorosh, PC
Attorneys for Defendant

_____
Steven R. Lefkofsky (P44101)
31500 Northwestern Highway, Suite 105
Farmington Hills, MI 48334
248-855-5508