UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY YEARY, | ) |
|     Plaintiff, | ) <br> ) <br> ) Case No. 07 CV 6325 |
| v. | ) Honorable Elaine E. Bucklo <br> ) |
| INNERWORKINGS, INC., | ) <br> ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Defendant, INNERWORKINGS, INC., (InnerWorkings) by their attorneys, LEFKOFSKY & GOROSH, P.C., moves this Honorable Court pursuant to Fed.R.Civ.P. 12(c) to enter Judgment on the Pleadings in favor of Defendant. In support of its Motion, InnerWorkings states the following:

1. Plaintiff, Holly Yeary, (Yeary) was employed by InnerWorkings.

2. On or about April 4, 2007, InnerWorkings terminated Yeary's employment.

3. Yeary has filed the instant law suit alleging that she is disabled as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(2), and that InnerWorkings terminated Yeary because of her disability and/or because it perceived that she was disabled. Complaint at ¶¶ 9, 11.

4. In Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, InnerWorkings has denied that Yeary is disabled under the Americans with Disabilities Act, or that it terminated her on account of any disability or perception of disability.

5. Among its Affirmative Defenses, InnerWorkings has asserted that Plaintiff's claim is barred by the existence of a contract precluding her from bringing the instant action. Affirmative Defenses at ¶ 4.

6. On April 4, 2007, InnerWorkings and Yeary executed a *Separation Agreement* (the Agreement) which is attached to Defendant's Affirmative Defenses as Exhibit A.

7. Pursuant to the Agreement, Yeary specifically agreed "to waive any right [she] may have to file any claims (not including unemployment compensation claims), charges, or suits against the Company with any local, state or federal agency, court or entity arising out of your employment, your employment compensation, and/or your termination from employment." The Agreement at Part II, ¶ 5.

8. As consideration for the various promises made by Yeary in the Agreement, InnerWorkings agreed to provide two weeks of severance pay and not to oppose any claim made by Yeary for unemployment compensation.

9. The Agreement further states that Yeary warrants that she has read and understood the Agreement and that she voluntarily accepts the Agreement in its entirety. The Agreement at Part II, ¶ 8.

10. The Agreement between Yeary and InnerWorkings is a valid enforceable contract manifesting the mutual intent of the parties and is supported by the mutual exchange of valid consideration. *Oberweis Dairy, Inc. v. Associated Milk Producers, Inc.*, 568 F. Supp. 1096, 1101 (N.D. Ill. 1983).

11. InnerWorkings is entitled to full enforcement of the Agreement with Yeary, including the express provision waiving **any** right to file **any** claim arising out of the termination of her employment with InnerWorkings.

11. Judgment on the Pleadings under Rule 12(c) is proper in this matter because the material facts are undisputed and judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.* 843 F.2d 639 (2nd Cir. 1988).

WHEREFORE, for all the foregoing reasons, Defendant, InnerWorkings, respectfully prays that this Honorable Court grant its Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12 (c) and for any other relief which this Court deems just and proper.

Respectfully submitted,

By: /s/Steven R. Lefkofsky
Steven R. Lefkofsky

LEFKOFSKY & GOROSH, P.C.
31500 Northwestern Highway, Suite 105
Farmington Hills, MI 48334
shefkofshy@lgpclaw.com
248-855-5508

Jay S. Berlin,
Jaffe & Berlin, L.L.C.
Local Counsel
111 W. Washington Street, Suite 1401
Chicago, IL 60602
312-372-1550