UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY YEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    07-cv-6325 |
| | ) | Hon. Elaine E. Bucklo |
| INNERWORKINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

Now Comes the Plaintiff, Holly Yeary [hereafter "Yeary"], by and through her attorney, John A. Baker, and in opposition to the motion for judgment on the pleadings [d/e 18] filed by the Defendant, Innerworkings, Inc. [hereafter "Innerworkings"], states as follows:

I. INTRODUCTION

Yeary has brought this lawsuit alleging that her employment with Innerworkings was terminated in violation of her rights under the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.* Innerworkings filed its answer and it has now filed a motion seeking dismissal of Yeary's complaints under Federal Rule of Civil Procedure 12( c). For the reasons that follow, dismissal of Yeary's lawsuit is not appropriate.

## II. STANDARDS GOVERNING THIS MOTION

FRCP 12(c) allows for a party to move for judgment based upon the pleadings. This Court must utilize the same standard in deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as it does in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Judgment on the pleadings is appropriate "only when it appears beyond a doubt that [a litigant] cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir.2007).

## III. ARGUMENT

Innerworkings argues that its motion is appropriate because, upon her termination, Yeary executed a release and waiver and thus she has released any and all claims that she might have.

The problem with Innerworkings' argument is that it tethered to the proposition that the release executed by Yeary is enforceable. While this argument might ultimately prove persuasive, there are evidentiary issues which must be resolved before this determination can adequately be made. Certainly the determination can not be made solely on the basis of the pleadings alone.

It is fairly clear that an employee may waive her rights to an employment discrimination claim in private settlements with their employers. To do so, however, her consent must be both knowing and voluntary. *See Alexander v. Gardner-Denver*, 415

U.S. 36, 52 n. 15, 94 S.Ct. 1011, 1022 n. 15, 39 L.Ed.2d 147 (1974) ("In determining the effectiveness of any waiver, a court would have to determine at the outset that the employee's consent to the settlement was voluntary and knowing."); *Riley v. American Family Mutual Ins. Co.*, 881 F.2d 368 (7th Cir. 1989); *Pierece v. Atchison, Topeka and Santa Fe Railway Company*, 65 F.3d 562, 571 (7th Cir. 1995).

In *Pierece*, our Circuit held that in assessing whether a release was valid, a Court should look to many different factors including, but not limited to, the following:

> (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part. 65 F.3d at 571.

In the follow-up case of *Pierce v. Atchison Topeka and Santa Fe Railroad Company*, 110 F.3d 431, 438 (7th Cir. 1997) [hereafter *Pierce II*], our Circuit Court held that it is the party seeking to enforce the settlement of an employment discrimination who has the burden of proving that it was entered into knowingly and voluntarily.

The above factors can not be assessed merely by looking at the pleadings. In fact, there is nothing in the pleadings which would remotely assist the Court in analyzing these factors.[1] To the contrary, evidence must be fully developed in order to determine

---

[1] The only facts in the complaint that could possibly assist in this determination, but by no means would be dispositive, is the allegation in Yeary's complaint that she suffers from a mental health disability. This factor, however, would tend to weigh in favor of Yeary and not in favor of Innerworkings.

Page 3 of 4

whether Yeary's actions in signing the release were "knowing and voluntary." It is certainly possible that the Court or a finder of fact could, upon presentation of all the facts, reach either an affirmative or negative answer to this question.

### IV. CONCLUSION

For the foregoing reasons, the motion filed by Innerworkings seeking judgment on the pleadings should be denied in its entirety.

Holly Yeary

By: s/ John A. Baker

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: johnbakerlaw@sbcglobal.net

### CERTIFICATE OF SERVICE

This document was filed relying upon this Court's ECF system. A copy will automatically be forwarded to all counsel of record. No one has been served via U.S. Mail.

By: s/ John A. Baker

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: johnbakerlaw@sbcglobal.net