UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY YEARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07 CV 6325 |
| v. | ) Honorable Elaine E. Bucklo |
| | ) |
| INNERWORKINGS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, INNERWORKINGS, INC., by their attorneys, LEFKOFSKY & GOROSH, P.C., submits the following Reply to Plaintiff's Memorandum of Law in Opposition to Motion for Judgment on the Pleadings.

### ARGUMENT

**A. InnerWorkings Has Made a Prima Facie Showing That the Release Executed by the Plaintiff at the Time of Her Termination was Voluntary and Knowing.**

Assuming, *arguendo*, that the voluntary and knowing standard does apply to the release of an ADA claim, the plain language of the Separation Agreement ("Agreement"), attached as Exhibit A to InnerWorkings' Motion, clearly supports the conclusion that Yeary knew and understood the impact of the release contained in the Agreement, and that by executing it she would be barred from the asserting the very claims she has raised in this action.

In fact, Part II, paragraph 8 of the Agreement could not be any clearer on this very point:

> You [Yeary] represent and warrant that (1) you have read the foregoing Separation Agreement and you understand its terms; and (2) you voluntarily accept this Agreement in its entirely.

Thus, by virtue of the fact that Yeary acknowledged in the Agreement itself that she read the Agreement, understood its terms, and voluntarily accepted it as a bar of her claims in this action, InnerWorkings has met any burden that it has with respect to demonstrating that Yeary's release of claims is both voluntary and knowing.

### B. Yeary Has Failed to Present an Issue of Material Fact That Would Preclude This Court From Granting InnerWorkings' Motion.

In response to InnerWorkings' Motion, and despite the showing made by InnerWorkings that the release contained in the Agreement was both voluntary and knowing, Yeary has utterly failed to present a single material fact in support of the opposite conclusion—that the release was not voluntary and knowing. In fact, in response to InnerWorkings' Motion, Yeary acknowledges that she can agree to waive the very claims she has brought in this action, and that InnerWorkings arguments "might ultimately prove persuasive". See Yeary's Brief in Opposition, p. 2. It would seem logical that Yeary's next argument, if it could be made, would be that the release was *not* voluntary and knowing. Yeary, however, does not make this argument, instead arguing *only* that the release must be voluntary and knowing, and that InnerWorkings has not met its burden of proof in this regard. This distinction is significant.

Yeary cannot just assert that there *may* be an issue of material fact regarding the effectiveness of the release she executed, in the hope of defeating the instant Motion. To the contrary, she must affirmatively demonstrate the existence of such a material fact—something she has failed to do. In opposition to InnerWorkings' Motion, Yeary does a nice job of explaining the factors considered by the courts when determining the validity of a release, but does not present a single argument in support of the position that, in the instant case, these factors are not satisfied, or the release at issue is not valid. Yeary's failure to present such an argument is no accident or oversight. Yeary cannot make this argument because she knew

2

exactly what she was agreeing to when she signed the Agreement, and she did so voluntarily in order to receive both severance pay and unemployment compensation.

## CONCLUSION

For the reasons set forth above, as well in the Motion for Judgment on the Pleadings and the Memorandum in Support thereof, Defendant, InnerWorkings, respectfully prays that this Honorable Court grant its Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12 (c) and for any other relief which this Court deems just and proper.


Respectfully submitted,


By: /s/Steven R. Lefkofsky
Steven R. Lefkofsky


LEFKOFSKY & GOROSH, P.C.
31500 Northwestern Highway, Suite 105
Farmington Hills, MI  48334
shefkofshy@lgpclaw.com
248-855-5508

Jay S. Berlin,
Jaffe & Berlin, L.L.C.
Local Counsel
111 W. Washington Street, Suite 1401
Chicago, IL  60602
312-372-1550

3