IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOLLY YEARY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 6325 ) |
| **INNERWORKINGS, INC.,** | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Holly Yeary has filed a complaint against defendant InnerWorkings, Inc. ("InnerWorkings") alleging a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Defendant has moved for a judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). For the following reasons, the motion is denied.

I.

The complaint alleges plaintiff was employed by InnerWorkings until April 4, 2007. At that time, she claims, she was improperly terminated because of her disability. She alleges she suffers from a mental health disorder, is a qualified individual under the ADA, and that at all times performed her job duties in a satisfactory manner.

In its motion for judgment on the pleadings, the defendant asserts that on April 4, 2007, the date of plaintiff's termination, she entered into a Separation Agreement under which plaintiff agreed "to waive any right [she] may have to file any claims . . .

, charges, or suits against the Company with any local, state or federal agency, court or entity arising out of your employment, your employment compensation, and/or your termination from employment." In exchange for signing such an agreement, defendant argues that plaintiff received two weeks of severance pay.

II.

A party may move for judgment on the pleadings under Rule 12(c) after the complaint and answer have been filed. "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Plaintiff does not dispute that she signed the Separation Agreement, but argues that her release was not voluntary and knowing. This is a question of fact that is not appropriate for resolution under Rule 12(c). *See Fletcher v. ZLB Behring LLC*, No. 05 C 2695, 2006 WL 218164, at *3 (N.D. Ill. Jan. 27, 2006) (St. Eve, J.). Among the factors courts consider to determine whether such a release is knowing and voluntary are:

> (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the

> consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part.

*Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995) (citations omitted). Moreover, the complaint specifically alleges that plaintiff suffers from a mental health disorder. It is unclear at this stage of the proceedings what impact this may have had on her ability to knowingly and voluntarily waive her rights. Therefore, the motion for judgment on the pleadings is denied.

### III.

For the foregoing reasons, defendant's motion is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 6, 2008